UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARVEL ENTERPRISES, INC., a Delaware corporation and MARVEL CHARACTER, INC., a Delaware corporation,

                Plaintiffs,

vs.                        Case No. 2:04-cv-244-FtM-33DNF

SPIDERBOY INTERNATIONAL, INC., a Minnesota corporation, MARK N. PARDO, an individual, and SPIDERBOY.COM, INC.,

                Defendants.
_____/

## ORDER

This matter comes before the Court on Motion to Strike Defendants' Answers and Counterclaim and to Dismiss Defendants' Counterclaim (Doc. #38) filed on August 12, 2004 by Plaintiffs Marvel Enterprises, Inc. and Marvel Characters, Inc. On September 14, 2004, this Court entered an Amended Order (Doc. #46) denying the Motion to Strike Defendants' Answers and Counterclaim but reserving ruling on the Motion to Dismiss the Defendants' Counterclaim (Doc. #38). In the Amended Order (Doc. #46), the Court gave the Defendants until October 5, 2004 to respond to the Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. #38). To date, no responsive pleading has been filed and the time to do so has expired. Upon review of the Plaintiffs' Motion (Doc. #38),

this Court finds that the Plaintiffs' Motion (Doc. #38) should be granted.

I.  BACKGROUND

Defendants filed a one count counterclaim alleging intentional interference with business practice. (Doc. #27.) The Plaintiffs filed a Notice of Opposition to the Defendants' filing for trademark registration of the name "Spiderboy." (Doc. #27 at ¶¶19 and 31-32). The Defendants contend that the Notice of Opposition constitutes an intentional interference with business practice. Plaintiffs filed Motion to Dismiss Defendants' Counterclaim (Doc. #38) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.  Standard of Review

A motion to dismiss a counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is evaluated in the same manner as a motion to dismiss a complaint. Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001).

In deciding a motion to dismiss, the Court accepts the facts of the countercomplaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). A countercomplaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the [counter-claimant]

can prove no set of facts in support of his claim which would entitle him to relief. <u>75 Acres, LLC v. v. Miami-Dade County, Fla.</u>, 338 F.3d 1288, 1293 (11th Cir. 2003)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Generally, the issue in a 12(b)(6) motion is not whether the counter-claimant will ultimately prevail on his claim, but rather, whether the allegations contained in the countercomplaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

### III. ANALYSIS

To state a claim for tortious interference with a business relationship, Defendants must allege: (1) the existence of a business relationship under which Defendants have legal rights; (2) knowledge of the relationship on the part of Plaintiffs; (3) an intentional and unjustified interference with the relationship by Plaintiffs; and (4) damage to Defendants as a result of the breach of the relationship. <u>Babbit Elec., Inc. v. Dynascan Corp.</u>, 38 F.3d 1161, 1177 (11th Cir. 1994). "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." <u>Ethan Allen, Inc. v. Georgetown Manor, Inc.</u>, 647 So.2d 812, 815 (Fla. 1994).

Defendants are an internet search engine in competition with AOL Time Warner. (Doc. #27 at ¶¶11 and 12.) Marvel partnered with AOL Time Warner in 1998. (Doc. #27 at ¶14.) Defendants allege that Defendant Pardo contacted Peter Cuneo, President of Marvel, in July of 1999 informing Cuneo of his intention to trademark the "Spiderboy" name. (Doc. #27 at ¶16.) Pardo learned that in 1982 Marvel trademarked the words "Spider" and "Boy," but cancelled the trademarks in 1989 after the Spider Boy comic book failed. (Doc. #27 at ¶16.) Cuneo did not have an issue with Pardo's trademarking of the name. (Doc. #27 at ¶17.) Pardo also contacted Peter Parker, head of Marvel's Internet division, and received a similar response. (Doc. #27 at ¶18.) Pardo filed for the "Spiderboy" trademark on August 21, 2000. (Doc. #27 at ¶119.) Plaintiff, Marvel Characters, filed an official Notice of Opposition to the trademark registration on October 2, 2001. (Doc. #27 at ¶23.) Defendants had to publically disclose the Notice of Opposition. (Doc. #27 at ¶24.) Defendants allege that the public notice of the opposition resulted in the loss of material investors, stock value and shareholders. (Doc. #27 at ¶26.)

In this case, Defendants do not allege an actual business relationship in which they have legal rights that were unjustifiably interfered with by the Plaintiffs. Plaintiffs had a right to file an opposition to the trademark name. There is no indication that in doing so, Plaintiffs intentionally and

unjustifiably interfered with a business relationship of the Defendants. At most, Plaintiffs filing of the Notice of Opposition was in Plaintiffs' business interest. "Legitimate business competition qualifies as a justification for intentional interference with a rival's business." Bailey v. Allgas, Inc., 284 F.3d 1237, 1257 (11th Cir. 2002). Defendants fail to set forth the elements necessary to state a claim for tortious interference with a business relationship, and as such, Plaintiffs' motion to dismiss the counterclaim will be granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Motion to Strike Defendants' Answers and Counterclaim and to Dismiss Defendants' Counterclaim (Doc. #38) is **GRANTED** without prejudice.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 11th day of August, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record